FILED
SUPERIOR COURT
OF GUAM

2022 OCT -4 PM 2:33

CLERK OF COURT

By:

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0276-21 |
| | ) | GPD Report No.: 21-18030 |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| | ) | GRANTING DEFENDANT'S MOTION |
| JOSEPH MICHAEL SLOMKA, | ) | FOR DEFERRED PLEA |
| DOB: 12/19/1962 | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## I.     INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on Joseph Michael Slomka's (the "Defendant") Motion for Deferred Plea ( "Motion"). At the hearing on July 6, 2022, Defendant was present with his counsel, William Pole. The People of Guam were represented by Assistant Attorney General Sean Brown. Also present was Probation Officer Ivan Suganob. Following the hearing on the Motion, the Court took the matter under advisement pursuant to the Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the Parties' written briefs and the record on file with the Court, the arguments presented at the Motion hearing, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** Defendant's Motion.

## II.     BACKGROUND

The Defendant is charged with:(1) FAMILY VIOLENCE (As a Misdemeanor); and (2) Child Abuse (As a Misdemeanor). Magistrate's Compl. (July 28, 2021). J.S. (age 16) (the

"Victim") alleges that his father, the Defendant, hit him with a charging cable. *Id.* The police observed three injuries on the Victim: (1) a ½ inch horizontal laceration with seemingly dried blood on his leg, (2) a one-inch vertical raised bump with slight scraping on his left forearm, and (3) a red and raised circular bump about two or three inches in diameter on his left shin. *Id.* There also appeared to be blood on the Victim's shorts. *Id.* Additionally, the Victim alleges that he attempted to call the police earlier but the Defendant ended the call and threw the phone away. *Id.*

The Defendant now moves for his first charge, Family Violence (As a Misdemeanor), to be deferred pursuant to 9 GCA § 30.80.1. *See* Deft.'s Br. (June 10, 2022). The Defendant claims to have an interest in receiving counseling. *Id.* The People concede that the Defendant is eligible but nonetheless refuse to extend a deferred plea to the Defendant "in light of the minor victim's express opposition." People's Br. at 1 (June 24, 2022). Specifically, the Victim seems to oppose the Defendant receiving a deferred plea because of the Defendant's purported history of violence and because he allegedly violated conditions of his pretrial release. *Id.* at 1-2. Though the Defendant only seeks a deferral of the first charge, the Court will analyze whether he is eligible and warranted for a deferred plea on both charges.

## III.   DISCUSSION

**A.   The Guam Legislature has declared its statutory intent to allow "first-time offenders" of Family Violence to receive counseling, education and treatment pursuant to a deferred plea.**

Guam Public Law 31-103 (Oct. 4, 2011) is entitled "AN ACT TO AMEND § 10405(b) OF CHAPTER 40, TITLE 7, GUAM CODE ANNOTATED; AND TO REPEAL AND REENACT §§30.80 THROUGH 30.80.5 OF CHAPTER 30, TITLE 9, GUAM CODE ANNOTATED, RELATIVE TO DEFERRED PLEAS FOR DOMESTIC VIOLENCE

ABUSERS." Within the language of the law itself, the Legislature declared an unequivocal intent to permit "first-time" family violence offenders the opportunity to participate in a "deferred plea" agreement after it adopted the findings of the Bureau of Justice, the National Coalition Against Domestic Violence, the American Bar Association and most national victims' support groups "that if first-time offenders receive counseling, education and in some cases, clinical treatment; they are less likely to reoffend." Family Violence Act, Pub. L. 31-103:1 (2013).

The resulting statute relating to the deferred family violence plea is codified in Sections 30.80 through 30.80.5 of Chapter 30, Title 9, Guam Code Annotated. 9 GCA § 30.80.1 provides the eligibility requirements under the deferred plea and includes an absolute bar to defendants who fall within Section 30.80.1(a)(1)-(4). Of course, a defendant who is not automatically ineligible for a deferred plea based upon the conditions of preclusion is not guaranteed a deferred plea. 9 GCA § 30.80.1(b)("[t]he fact that a defendant is not made ineligible by Subsection (a) . . . does not automatically entitle a defendant to the deferred guilty plea for family violence.").

Instead, the law places the onus upon the prosecution, in the first instance, to determine eligibility and whether such a deferred plea would be extended to a defendant who qualifies:

> (c) The prosecuting attorney *shall determine* whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this § 30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred plea, the prosecutor *shall* notify the defendant.

> (d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this § 30.80.1, the prosecutor *shall notify* the defendant.

9 GCA § 30.80.1(c), (d) (emphasis added). The statute then provides that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea." 9 GCA §30.80.1 (e).

In any event, under the deferred plea provisions of the Family Violence Act, the prosecutor is *required* to make a determination of eligibility and to notify the defendant of such eligibility; or, if he or she is eligible, but the prosecutor will not agree to a deferral, the prosecutor is still *required* to notify the defendant. No such determination was made nor notice as required under Section 30.80.1(c) and (d) were provided in this case. Consequently, Defendant filed the instant Motion pursuant to Section 80.30.1 (e).

Thus, the Court must now determine (1) if the defendant is not ineligible under Section 30.80.1(a)(1)-(4), and (2) if the defendant is not ineligible – or to put it more clearly – if he *is* otherwise eligible, the trial court must then evaluate whether the defendant "would be benefited by a deferred guilty plea" by "consider[ing] the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement." 9 GCA § 30.80.2(a). The Court's decision in this matter shall be final and shall not constitute an appealable order. 9 GCA § 30.80.2(d).

**B.     The Defendant is not ineligible for a deferred plea.**

Apart from the Child Abuse charge, the parties do not dispute that the Defendant is otherwise eligible for a deferred family violence plea pursuant to 9 GCA § 30.80 and § 30.80.1. See Ppl.'s Opp. To Def.'s Mot. For Entry of a Defrred [sic] Plea (the "Opposition") at 1 (Jun 24, 2022). After reviewing the requirements and the facts of the Defendant's particular facts and

circumstances, the Court agrees with the assessment of eligibility as to the family violence charge. The Defendant has satisfied 9 GCA § 30.80 by filing a proper pre-trial motion where he agrees to volunteer a guilty plea to a misdemeanor charge of family violence and to participate in education, counseling, and /or treatment(s) as can be directed by this Court. The Defendant is also not ineligible as outlined by 9 GCA §30.80.1(a) since (1) he does not have any prior felony convictions for any offense involving violence, (2) he has not previously participated in a diversion or deferred plea program for family violence or similar offense in Guam or any other locality, (3) he has not been previously sentenced for a violation of 9 GCA §30.40, and (4) he does not have a current charges against him for serious bodily injury or criminal sexual conduct involving sexual penetration.

The Court turns to analyze Defendant's child abuse charge to assess whether he is eligible under 9 GCA § 30.80 for a deferred plea. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. *Data Mgmt. Res., LLC v. Office of Pub. Accountability*, 2013 Guam 27 ¶17 (citing Aguon v. Gutierrez, 2002 Guam 14 ¶6). A statute's plain meaning prevails absent clear legislative intent to the contrary. *Sumitomo Const., Co. v. Guam*, 2001 Guam 23 ¶17. Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." *Id.*; *People v. Tedtaotao*, 2015 Guam 9 ¶12. It is the Court's "duty is to interpret statutes in light of their terms and legislative intent . . . ." *People v. Quenga*, 2015 Guam 39 ¶ 36 (quoting *People v. Flores*, 2004 Guam 18 ¶ 8.

The statute unequivocally states that a defendant can only seek a deferred plea as "to a misdemeanor charge of family violence, as defined in this Chapter. . . ." 9 GCA § 30.80. Under 9 GCA §30.10, "family violence" is defined as one or more of the following acts:

(1) Attempting to cause or causing bodily injury to another family or household member;

(2) Placing another family or household member in reasonable fear of imminent bodily injury; or

(3) Knowingly or intentionally, against the will of another, impeding the normal breathing or circulation of the blood of a family or household member by applying pressure to the throat or neck or by blocking the nose or mouth of a family or household member.

9 GCA § 30.10 (a)(1)-(3). "Family or household members" include:

(1) Adults or minors who are current or former spouses;

(2) Adults or minors who live together or who have lived together;

(3) Adults or minors who are dating or who have dated;

(4) Adults or minors who are engaged in or who have engaged in a sexual relationship;

**(5) Adults or minors who are related by blood or adoption to the fourth degree of affinity;**

**(6) Adults or minors who are related or formerly related by marriage;**

(7) Persons who have a child in common; and

**(8) Minor children of a person in a relationship described in paragraphs (1) through (7) above.**

9 GCA § 30.10 (b) (emphasis added).

The Victim here is a minor and the son of the Defendant from Defendant's previous marriage. Deft.'s Reply Br. at 1 (June 27, 2022). As defined by statute, the Victim is therefore a family or household member of the Defendant. Thus, because the Defendant's child abuse charge is brought forth upon the claim he caused bodily injury upon a family member or placed the family member in reasonable fear of imminent bodily injury, the misdemeanor child abuse charge is a misdemeanor family violence charge as defined by Guam statutes. The Defendant is therefore also eligible for a deferred plea as to his child abuse charge.

Legislative intent affirms this finding. First, Guam's legislature seems to have codified the statute at issue at least in part because of the premise that "first-time offenders" whom "receive counseling, education, and in some cases, clinical treatment . . . are less likely to

reoffend." Family Violence Act, Pub. L. No. 31-109 (2013). Interpreting "family violence" to include child abuse would allow the Defendant here, a first-time family violence offender, to receive counseling, education, and clinical treatment that could make him less likely to offend.

Secondly, the current 2013 statute amended the original 1994 statute, which Guam's Legislature enacted to "assist Guam's heavily burdened courts" by providing judges with "greater authority to divert appropriate defendants into enforced education and treatment programs." Family Violence Act, Pub. L. No. 22-160 (1994). Again, interpreting "family violence" to include child abuse would not make the Defendant ineligible for a deferred plea, which would help clear precious state resources by avoiding the further prosecution of the Defendant, thereby "assist[ing] Guam's heavily burdened courts." The Court must recognize that "[w]here a criminal statute is ambiguous, the rule of lenity requires [the Court] to construe the statute in favor of the defendant." *People v. Tenorio*, 2007 Guam 19 ¶ 14. Hence, any ambiguity is resolved by the legislative intent that weighs in favor of construing the Defendant as eligible for a deferred plea, both to his misdemeanor family violence charge and his misdemeanor child abuse charge.

Lastly, the Court finds support in its finding in the rulings of other courts within the Superior Court of Guam. In these cases, defendants were charged with various offenses, including family violence and child abuse, as here, and the courts there all deemed the defendants eligible for at least consideration. *See People v. Fernandez II*, CF0573-10 (June 17, 2011); *People v. Mafthin*, CF0646-11 (Nov. 30, 2012); *People v. Dafrow*, CF0500-11 (Mar. 13, 2012); *People v. Castro*, CF0631-11 (June 7, 2012). Admittedly, all the cases are based on the prior statute before it was amended on April 11, 2013. However, because the prior statute and amended statute serve the same purpose and the amendment was largely a technicality of

swapping words (many edits were changing "diversion", "divertee", or "diversion process" to "deferral of plea", "deferred pleader", and "Deferred Plea Agreement"), these cases remain highly persuasive.

For these reasons, this Court finds that the Defendant is eligible for a deferred plea for both his misdemeanor child abuse charge and his misdemeanor family violence charge after analyzing the terms of 9 GCA § 30.80 as well as its legislative intent. The statute was not meant to be utilized strictly by defendants with literal misdemeanor family violence charges but rather any misdemeanor charge accusing a defendant of "causing bodily injury to another family or household member." 9 GCA § 30.10 (a)(1). The statute was also meant to be utilized by first-time family violence offenders so they could receive the necessary treatment to avoid any future offenses. Here, the Defendant is a first-time family violence offender accused of causing bodily injury to a household member, and he would benefit from treatment so as to prevent him from reoffending. Thus, his child abuse charge does not make him ineligible for a deferred plea under 9 GCA §30.80.

### C. The Defendant is entitled to a deferred plea pursuant to the Section 30.80.2 factors.

Having determined the Defendant is *not* ineligible for a deferred plea, the Court must now assess whether the Defendant is entitled to a deferred plea under the specific circumstances of this case. In furtherance of its determination, the Court held a hearing and considered the following factors enumerated in Section 30.80.2: (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the Defendant, and (3) any other factors which would adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement.

## 1. The nature and extent of the injury inflicted upon the Victim.

As to the nature and extent of the injuries inflicted upon the victim, as set forth in the Complaint and the observations by the police officers are worrisome to the Court. The Court must also consider the Victim's opposition to allowing Defendant to benefit from a deferred plea. The Court recognizes that the Public Law 31-109 recognized that "obtaining justice for victims of domestic violence largely outweigh the desires of their abusers[,]" however, that was in the context of eliminating the diversion program – which offenders preferred – over implementing the deferred plea, which continues to hold a defendant accountable by entering the plea if the offender fails to complete the treatment components and other conditions of his probation. Nevertheless, the extent of the injuries upon the minor victim, while not life-threatening, still weighs against granting the Defendant a deferred plea.

## 2. No prior incidents of family violence by the Defendant.

The Victim claims that the Defendant has a prior history of violence and that Defendant also violated the conditions of his pretrial release in objecting to permitting a deferred plea. *See* People's Br. at 2. While it is true that the Defendant was previously accused of a violent crime, that case has since been expunged from Defendant's record. Importantly, that charge was not related to family violence and the statute explicitly calls for this Court to factor prior incidents of *family violence* by the Defendant. See 9 GCA § 30.80 (offenses dismissed under this Section [30.80] and/or under a family violence diversion program *shall* count as prior offenses in the application of minimum sentences under this Chapter). The Defendant's has no record of any prior family violence acts or criminal record. Thus, this factor weighs in favor of granting the Defendant a deferred plea.

### 3. No other factors adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement.

The Defendant seems financially able to pay any applicable fines or fees associated with a deferred plea. *See* Deft.'s Fin. Decl. (July 28, 2021). The Defendant's prior criminal history suggests he possess the ability to comply with any court orders and/or treatment plans. That Defendant successfully completed the conditions of a deferred plea agreement in a separate case also confirms his ability to complete a deferred guilty plea agreement in this case. Despite the allegation levied against the Defendant that he violated his pretrial release conditions, no violation report was ever filed with this Court, nor have the People provided the Court with supporting evidence during the hearing of this matter of any such violations.

In its Opposition, the People informed the Court that "[Defendant] (1) has a history of violence; and (2) violated conditions of his pretrial release, which [the victim] and/or his mother wish to personally address at such time designated by this Court for a hearing on this matter." Opp. at 1, 2. However, at the hearing on the Motion, the prosecution presented no witnesses to the Court to support these contentions and the Court is without competent evidence of any purported prior history of violence against the victim and of any violations of his pre-trial release conditions. As such, this factor weighs in favor of the Defendant.

## IV.  CONCLUSION

For the reasons set forth herein, and specifically because the People have failed to provide any evidence of the Defendant's prior history of violence against the victim or of the alleged violations of his pre-trial release, and, moreover, because the People failed, at the hearing on the motion, to present any reasonable basis for denying the Defendant's motion, the Court

hereby finds that the Defendant is eligible and entitled to a deferred plea pursuant to 9 GCA § 30.80.1. The Court hereby **GRANTS** Defendant's Motion.

The People are ORDERED to provide Defendant a deferred plea consistent with the Court's decision herein within thirty (30) days of the issuance of this Decision and Order.

SO ORDERED this 4th day of October, 2022.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam